UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MANUEL L. BELIZ,

              Plaintiff,

      v.

ROBERT ALEKSINSKI, *et al.*,

              Defendants.

Case No.  C09-5472BHS/JRC

REPORT AND RECOMMENDATION

NOTED June 18, 2010

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

      Defendant Aleksinski has moved for summary judgment (Dkt. # 14).  Defendant Aleksinski argues that this action has not accrued because:  (1) plaintiff is challenging the length

REPORT AND RECOMMENDATION- 1

of time he was incarcerated; (2) the action fails to state a claim; and (3) the defendant is entitled to qualified immunity (Dkt # 14).

After reviewing the matter, this court recommends dismissal without prejudice because plaintiff has not shown that he sought or received any relief from the period of incarceration that was imposed through a writ of habeas corpus or personal restraint petition.

## DISCUSSION

The following facts are taken from the motion for summary judgment (Dkt. # 14). They have not been contested as plaintiff did not respond to the motion.

Plaintiff was convicted of four separate crimes and given community custody, as well as a prison sentence. Because the crimes involved sex offenses, plaintiff was never eligible for good time credits and instead only had the possibility of earning earned early release. Earned early release would start the community custody portion of his sentence and release him from total confinement. To be eligible for earned early release, plaintiff needed to have an approved plan in place. The Department of Corrections is the entity that has the power to approve or deny a plan for release.

Plaintiff's first sponsor could not be contacted by Department of Correction's personnel and that plan could not be approved. Plaintiff's second sponsor was not sure her landlord would allow plaintiff to live there. Therefore, the second plan was not approved. By the time a third plan was approved and in place, it was July 14, 2009. This was almost a year after his earned early release date of August 19, 2008 and approximately nine months before plaintiff's maximum release date (Dkt. # 14, pages 1 and 2). Plaintiff seeks 1500 dollars a day for every day he was held past his early release date. Plaintiff has not shown that he had filed any Personal Restraint Petition or other action to challenge the length of his incarceration.

REPORT AND RECOMMENDATION- 2

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff is challenging the length of time he served. He does not show that the state courts have addressed his claim or granted him relief. The allegations cannot be considered because they challenge the fact or duration of confinement. To the contrary, the uncontradicted facts indicate that the reason for his continued incarceration was plaintiff's own inability to submit a suitable plan for his release.

Having reached this conclusion, it would not be proper to address defendant's other arguments as this action has not accrued and addressing the arguments would be tantamount to giving an advisory opinion.

## CONCLUSION

The action should be DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen

REPORT AND RECOMMENDATION- 3

(14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.

Failure to file objections will result in a waiver of those objections for purposes of appeal.

Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 18, 2010, as noted in the caption.

Dated this 21st day of May, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4